## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

ROBERTO VLADIMIR PORTILLO MARTINEZ, )
                                          )     Case No. 1:25-cv-11909
                  Petitioner,       )
                                            )
v.                                           )
                                          )
PATRICIA HYDE, Field Office Director,   )
TODD LYONS, Acting Director U.S.       )
Immigrations and Customs Enforcement,  )
KRISTI NOEM, U.S. Secretary          )
of Homeland Security, PAMELA BONDI,  )
Attorney General of the United States, and  )
and ANTONE MONIZ, Superintendent,    )
Plymouth County Correctional Facility,    )
                                          )
                 Respondents.    )
_____ )

## PETITIONER'S NOTICE OF SUPPLEMENTAL AUTHORITIES

In spite of the immigration judge's July 21, 2025 grant of bond to Petitioner and his July 30, 2025 release, Petitioner has been unlawfully re-detained by Respondents since his re-arrest at his September 8, 2025 asylum interview. Respondents filed their response to Petitioner's Second Amended Petition nearly one month ago on October 14, 2025, and Petitioner's October 21, 2025 reply followed. Petitioner hereby submits supplemental authorities issued since the filing of his reply.

As regards the discretionary stay which presently holds Petitioner in custody, this Court recently found that where the Board of Immigration Appeals (BIA) granted the government's motion pursuant to 8 C.F.R. § 1003.19(i)(1) for a discretionary stay of the immigration judge's bond grant the morning after the motion had been filed, that the motion was "'granted . . . essentially on an *ex parte* basis' and '[l]ike the automatic stay, the discretionary stay was issued without any indication of an individualized assessment of the need for a stay.'" *Souza v. Hyde*, No.

1

25-cv-12461-DJC, 2025 WL 2997670, at *4 (D. Mass. Oct. 24, 2025) (citing *J.M.P. v. Paul Arteta, et al.,* No. 25-civ-4987 (DEH), 2025 WL 2984913 at *15 (S.D.N.Y. Oct. 23, 2025)).  Accordingly, this Court found that "as 'the discretionary stay process in this case presents the same due process concerns as those identified in cases where the automatic stay was held unconstitutional,' the balance of the *Mathews* factors remains the same" and ordered the Petitioner's immediate release upon posting of his bond.  *Id.* at *5 (citing *J.M.P.*, 2025 WL 2984913, at *15).  In Petitioner's case, the BIA's grant of the government's motion for a discretionary stay within an even shorter timespan (a matter of minutes) than in *Souza* should be found to have violated Petitioner's due process rights in light of the *Mathews* factors explained in Petitioner's prior briefing.

Additionally, other courts have found that a grant of Special Immigrant Juvenile Status (SIJS), as in the case at bar, bears heavily in favor of finding that a grantee's immigration custody is governed by 8 U.S.C. § 1226(a) and affords more due process to the detained noncitizen.  Citing *Osorio-Martinez v. Att'y Gen. U.S.*, 893 F.3d 153, 174 (3d Cir. 2018), the District Court for the Western District of Pennsylvania found that the approval of SIJS "'bespeak[s] a substantial legal relationship between them and the United States – a relationship far more significant than' the relationship possessed between an initial entrant into this country." *Del Cid et al. v. Bondi,* No. 3:25-cv-00304, 2025 WL 2985150 at *16 (W.D. Pa. Oct. 23, 2025).  The petitioners' SIJS approval combined with the meaningful connections to the U.S. created through their several years of residence – which is substantially less time than the instant Petitioner's nine years spent in the U.S. – supported a finding that the petitioners' detention was governed by 8 U.S.C. § 1226(a) and that they were entitled to due process protections.  *Id.*

The U.S. District Court for the Eastern District of Virginia equally found that petitioners' SIJS grant "requires they be afforded a bond hearing under section 1226(a)," following the finding

in *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 916 (E.D. Va.) that a SIJS approval converted a noncitizen previously designated an arriving alien to a "'noncitizen present in the United States entitled to a bond hearing under § 1226(a).'" *Lopez Sarmiento v. Perry*, No. 1:25-cv-01644-AJT-WBP, 2025 WL 3091140 at *3 (E.D. Va. November 5, 2025).

Additionally, the U.S. District Court for the District of New Jersey found in a case similar to the one at bar that where a noncitizen had been designated an unaccompanied child ("UC") at the time of entry, her detention at her UC asylum interview prior to an individualized determination under 8 U.S.C. § 1226(a) violated her due process rights. *Contreras Maldonado v. Cabezas*, No. 25-13004, 2025 WL 2985256 at *6 (D. NJ. Oct. 23, 2025).

These recent decisions further support a finding that Petitioner's detention is governed by 8 U.S.C. § 1226 and that his ongoing custody is in violation of his due process rights.

<div style="margin-left:50%">

Respectfully submitted,
Roberto Vladimir Portillo Martinez,
By his attorney,

</div>

Dated: <u>November 10, 2025</u>          <u>/s/ *Elizabeth Badger*          </u>

<div style="margin-left:50%">

Elizabeth Badger
BBO # 663107
Political Asylum/Immigration
Representation (PAIR) Project
98 North Washington St, Ste. 106
Boston, MA 02114
(617) 545-3373
ebadger@pairproject.org

</div>

## <u>CERTIFICATE OF SERVICE</u>

I, Elizabeth Badger, hereby certify that this document filed through the ECF system will be sent

electronically to the Respondents who are registered ECF participants as identified on the Notice

of Electronic Filing (NEF).


Dated: <u>November 10, 2025</u>                    <u>  /s/ *Elizabeth Badger*          </u>
                                          Elizabeth Badger
                                          BBO # 663107